IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHABRONDA RENA-LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3045-G-BN |
| | § | |
| DAN WILLEMS and MOONROCK PROPERTIES, LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff ShaBronda Rena-Lewis filed a complaint against an individual and a limited liability company based on "violations of a private, irrevocable trust," in which Rena-Lewis alleges that "[a] private trust was violated by [the defendants] for property theft" and that "[m]oney was embezzled and extorted from plaintiff … using RICO, court system fraudulently." Dkt. No. 3. Rena-Lewis alleges that this lawsuit belongs in federal court under 28 U.S.C. § 1331, which provides subject-matter jurisdiction for questions of federal law. *See* Dkt. No. 3 at 3. Senior United States District Judge A. Joe Fish referred Rena-Lewis's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned recommends that the Court, on its own motion, dismiss this lawsuit for lack of subject-matter jurisdiction.

**Legal Standards**

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the

cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Subject-matter jurisdiction under Section 1331 typically "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

Under Section 1331, "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." *Copeland v. E*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at *2 (5th Cir. Jan. 10, 2025) (per curiam) (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir.

1977))).

Section 1331, as an "independent basis of subject matter jurisdiction" then allows for supplemental jurisdiction under 28 U.S.C. § 1367 for purely state law claims. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). For example, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *J.A. Maters Invs. v.*

*Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam) (citation omitted). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

## Discussion

Rena-Lewis has not alleged a plausible basis for the Court's jurisdiction. This failure requires dismissal of the complaint.

Rena-Lewis checks the box for federal question jurisdiction, *see* Dkt. No. 1 at 3 & 6, which makes sense considering that all parties are alleged to reside in Dallas County, Texas, *see id.* at 1-2 & 6, thus preventing complete diversity.

And Rena-Lewis cites two provisions of federal law: 42 U.S.C. § 408, a criminal statute related to the misuse of a social-security number, *see, e.g.*, *Munoz-Rivera v. Wilkinson*, 986 F.3d 587 (5th Cir. 2021), and 12 U.S.C. § 1431, a provision of the Federal Home Loan Bank Act.

But citing a federal statute does not unlock Section 1331. Instead, the federal statute invoked must afford the plaintiff a private right of action to provide a district court jurisdiction based on – and the plaintiff a right to recover under – that statute. *See Patterson v. Long Beach Mortg. Co.*, No. 3:07-cv-1602-O-BH, 2009 WL 4884151, at *3 (N.D. Tex. Dec. 15, 2009) ("When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must expressly or implicitly provide a private cause of action or else a federal court will not have subject matter jurisdiction to hear the dispute." (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478

U.S. 804, 817 (1986))).

Federal criminal statutes generally do not provide such a right. *See, e.g.*, *Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)).

And Rena-Lewis has not shown that either statute cited in the complaint affords that right. *See also, e.g.*, *Escobar v. Alliance Credit Union*, No. 5:23-CV-125-H-BQ, 2023 WL 8720903, at *3-*5 (N.D. Tex. Nov. 30, 2023) (finding a lack of subject-matter jurisdiction based on invocations of provisions of the Federal Reserve Act and "12 U.S.C. § 1431"), *rec. accepted*, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023).

Nor has Rena-Lewis shown that the Court has subject-matter jurisdiction based on allegations that "[a] private trust was violated by [the defendants] for property theft" and that "[m]oney was embezzled and extorted from plaintiff … using RICO, court system fraudulently." Dkt. No. 3 at 4.

Unsurprisingly, "[t]rusts are generally governed by state law." *United States v. Benamon*, No. 3:16-CR-40-DPJ-FKB, 2023 WL 3559310, at *1 (S.D. Miss. May 18, 2023).

And alleging that a trust was violated or that a defendant obtained money

- 6 -

"using RICO" – without further factual allegations – does not convert a state-law matter into a federal one, even considering that "the pleading burden to establish federal question jurisdiction is low" and that "only claims 'patently without merit ... justify the district court's dismissal for want of jurisdiction.'" *Young*, 598 F.3d at 188 (quoting *Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. Unit A Feb. 1981)).

> "[A]ny RICO claim necessitates 1) a *person* who engages in 2) a *pattern* of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise.*" *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995) (citation omitted). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). A plaintiff must plead the elements of the criminal offenses that constitute the predicate acts, *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989), and must show that the alleged racketeering activity was both the "but for" and proximate cause of the injury to his business or property, *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992).

*Gabriel v. Outlaw*, No. 22-10314, 2023 WL 2645549, at *2 (5th Cir. Mar. 27, 2023) (per curiam) (emphasis in original).

And it's recognized that alleging a civil claim under the Racketeer Influenced and Corrupt Organizations Act is difficult. *See D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 204 (5th Cir. 2024) ("Congress incorporated provisions in RICO that allow private plaintiffs to seek redress in federal court. If their lawsuit succeeds, the statute provides a big payout: Plaintiffs are entitled to triple damages, court costs, and attorney's fees. 18 U.S.C. § 1964(c). Even so, pursuing that recovery is often a challenging undertaking. Problems typically arise at the pleadings stage, as courts are hesitant to find RICO violations, and plaintiffs have

difficulty alleging them." (citations omitted)).

And, while a plaintiff's insufficient allegations are generally a matter for Federal Rule of Civil Procedure 12(b)(6), where the factual allegations are so lacking that the cited federal law is no more than a throw-away reference – as is the case here – the asserted federal claim is patently without merit and cannot support jurisdiction under Section 1331. *Cf. Farooq v. Nucor Bus. Tech., Inc.*, No. 3:24-cv-920-N-BN, 2024 WL 2805928, at *2 (N.D. Tex. Apr. 25, 2024) ("[A] plaintiff's citing a federal statute and alleging facts to support a violation of that statute is enough to carry a removing defendant's burden to show a foundation for a nonfrivolous and not insubstantial violation of federal law." (citing *Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at *2 (N.D. Tex. Aug. 25, 2023) ("Chapman expressed at the outset of her state court petition that this is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964, and then alleged facts to show how Title VII applies to her claims. And, by including factual allegations that imply the applicability of the federal statute cited in the state court petition, Chapman alleged more than the existence of a frivolous or insubstantial federal question and thereby alleged a basis for jurisdiction under Section 1331." (cleaned up)), *rec. adopted*, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023))), *rec. accepted*, 2024 WL 2804933 (N.D. Tex. May 31, 2024).

## Recommendation

The Court should *sua sponte* dismiss this lawsuit for lack of subject-matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 18, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE